UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **STEPHEN . FARRAR**, | Case No. 6:15-cv-01935-KI |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| **COLETTE S. PETERS**, director of O.D.O.C.; **S. SHELTON, M.D.**, O.D.O.C. medical director, **G. GULICK, M.D.**, SRCI; **ROBERT WHITE, RN**, SRCI; **J. WILSON**, Health Services, SRCI; **B. WILSON**, Health Services, SRCI; **A. HUGHES, RN**, SRCI; **CAPTAIN BELLMAN**, O.S.P.; **OFFICER HUMPHREYS**, O.S.P., | |
| Defendants. | |

KING, Judge:

      Plaintiff, an inmate at the Oregon State Penitentiary, brings this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court are defendants' motion to stay

Page 1 - OPINION AND ORDER

discovery (ECF No. 14), plaintiff's motions for appointment of counsel (ECF No. 17), to appoint expert witness physician opinion testimony (ECF No. 19), to appoint expert witness optical opinion testimony (ECF No. 20), and for an order allowing indigent funds to pay for his expert witnesses (ECF No. 22).

I.      Motion to Stay Discovery

Defendants ask the court to enter an order staying discovery as to plaintiff's first and second claims, and as to defendants Shelton, White, Gulick, B. Wilson, J. Wilson, and Hughes. They have filed a motion for partial summary judgment for failure to exhaust administrative remedies as to the first and second claims, and those claims are the only ones where Shelton, White, Gulick, B. Wilson, J. Wilson, and Hughes are named.

Plaintiff has not responded to this motion. Since plaintiff makes no showing that discovery is needed to oppose the motion for summary judgment that is relevant to the issue of exhaustion, defendants are entitled to an order staying discovery as to plaintiff's first and second claims, and the individuals named above, until the court issues a decision on defendants' motion for partial summary judgment.

II.     Motion for Appointment of Counsel

Plaintiff moves for the appointment of counsel on the basis that it is difficult for him to investigate the facts and he suffers from mental health problems.

Generally, a person has no constitutional right to counsel in a civil action. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *U.S. v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). However, pursuant to 28 U.S.C. § 1915(e)(1), this court may request volunteer counsel for indigent plaintiffs upon a showing of exceptional circumstances. *Palmer*, 560 F.3d at

Page 2 - OPINION AND ORDER

970; *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990). In order to determine whether exceptional circumstances exist, this court evaluates the plaintiff's likelihood of success on the merits, as well as his ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Palmer*, 560 F.3d at 970; *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Wood*, 900 F.2d at 1335.

At this stage of the proceeding, plaintiff has demonstrated a sufficient ability to articulate his claims in light of the complexity of the case. Many of the difficulties of which plaintiff complains are experienced by all prisoners attempting to litigate an action while incarcerated. Finally, he has not demonstrated a likelihood of success on the merits. Consequently, I conclude that there are no exceptional circumstances warranting the appointment of counsel under § 1915(e).

III.     Motions for Expert Witnesses

Plaintiff moves the court for the appointment of expert witnesses pursuant to Fed. R. Civ. P. 706(a) & (b). Specifically, plaintiff seeks the appointment of experts to (1) provide opinion testimony pertaining to his claims that he was denied adequate medical treatment; and (2) examine plaintiff's medical records and perform a complete physical and eye examination of plaintiff.

Rule 706 permits this court to appoint an expert witness to assist the court in evaluating complex or confusing evidence. *Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999). Under the rule, this court may assess costs as it deems appropriate for an expert witness. *McKinney v. Anderson*, 924 F.2d 1500, 1511 (9th Cir.), *vacated on other grounds sub nom.*, *Helling v. McKinney*, 502 U.S. 903 (1991).

This court exercises its discretion to deny plaintiff's motions for appointment of experts because the motions are premature and plaintiff has failed to demonstrate that this case is of particular complexity in comparison to other civil rights actions involving the alleged denial of adequate medical care. *See Gil v. Reed*, 381 F.3d 649, 659 (7th Cir. 2004) (expert testimony is not needed when the symptoms exhibited by the plaintiff are not beyond a layperson's grasp). Accordingly, at this stage of the proceeding, plaintiff's motions for the appointment of experts (ECF Nos. 19 &20) are denied, and plaintiff's motion for order allowing funds for the cost of expert witnesses (ECF No. 22) is denied as moot.

## CONCLUSION

Based on the foregoing, defendants' Motion to Stay Discovery [14] is granted. Plaintiff's Motion for Appointment of Counsel [17], Motions for Expert Witnesses [19, 20], and Motion for an Order Allowing Funds for Cost of Expert Witnesses Fees [22] are denied.

IT IS SO ORDERED.

DATED this   18th   day of February, 2016.


          /s/ Garr M. King
          Garr M. King
          United States District Judge