UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **STEPHEN . FARRAR**, | Case No. 6:15-cv-01935-KI |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| **COLETTE S. PETERS, director of O.D.O.C.; S. SHELTON, M.D., O.D.O.C. medical director, G. GULICK, M.D., SRCI; ROBERT WHITE, RN, SRCI; J. WILSON, Health Services, SRCI; B. WILSON, Health Services, SRCI; A. HUGHES, RN, SRCI; CAPTAIN BELLMAN, O.S.P.; OFFICER HUMPHREYS, O.S.P.**, | |
| Defendants. | |

KING, Judge:

Plaintiff, an inmate at the Oregon State Penitentiary, brings this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court is defendants' motion for partial summary judgment (ECF No. 12).

## BACKGROUND

Plaintiff brings the following claims for relief: deliberate indifference to his prostatitis symptoms and retaliation for filing kytes and grievances (first claim); deliberate indifference to his need for eye care and glasses (second claim); and violation of due process arising from a disciplinary sanction (third claim).

Defendants move for partial summary judgment to dismiss plaintiff's first and second claims, and to dismiss defendants Shelton, White, Gulick, B. Wilson, J. Wilson, and Hughes, on the basis that plaintiff failed to exhaust his administrative remedies as to these claims. In addition, defendants move to dismiss defendant Peters for lack of personal involvement in the alleged constitutional violations.

## LEGAL STANDARDS

The Prison Litigation Reform Act ("PLRA") states: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In other words, "[t]he [PLRA] requires that a prisoner exhaust available administrative remedies *before* bringing a federal action concerning prison conditions." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009) (emphasis added). The PLRA exhaustion requirement demands "proper exhaustion," which means

compliance with all deadlines and "other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006).

It is the defendants' burden "to prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (en banc). The burden of production then shifts to the prisoner to "come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* The "ultimate burden of proof remains with the defendant[s]." *Id.* The court must view all material facts in the light most favorable to the non-moving party. *Id.* at 1173. "If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." *Id.* at 1166.

Grievances are processed in accordance with the ODOC Administrative Rules for Inmate Communication and Grievance Review System. Inmates are encouraged to talk to first line staff as their primary way to resolve disputes and, if not satisfied, to use a written inmate communication form. OAR 291-109-0100(3)(a). If this does not resolve the issue, the inmate may file a grievance. OAR 291-109-0140(1)(a).

Inmates may grieve: (1) the misapplication of or lack of any administrative directive or operational procedure; (2) unprofessional behavior or action directed toward an inmate by an employee, contractor, or volunteer; (3) any oversight or error affecting an inmate; (4) a program failure; (5) the loss or destruction of property; (6) sexual contact, solicitation, or coercion between an employee or contractor and an inmate; and (7) sexual abuse of an inmate by another inmate. OAR 291-109-0140(2)(a)-(h). A grievance must be filed within 30 days of the incident.

Page 3 - OPINION AND ORDER

OAR 291-109-0150(2). The grievance coordinator "will complete processing of the grievance within 45 days from the date the grievance was received from the inmate, unless further investigation is necessary." OAR 291-109-0160(2)(a).

An inmate may appeal a grievance response to the functional unit manager by completing a grievance appeal form and filing it with the grievance coordinator within fourteen days of receipt of the response. OAR 291-109-0170(1)(a) and (b). If still not satisfied, the inmate may appeal the functional unit manager's decision by completing another grievance appeal form and filing it with the grievance coordinator within fourteen days of receipt of the response. OAR 291-109-0170(2)(c). This final appeal is decided by an assistant director having authority over the issue, constituting the final administrative ruling. OAR 291-109-0170(2)(f). The assistant director must respond to the grievance appeal within 30 days of receiving it. OAR 291-109-0170(2)(e).

## DISCUSSION

Plaintiff initiated the grievance process on the issues alleged in his first claim for relief on May 29, 2015 when he filed grievance SRCI.2015.05.174. James A. Taylor, the grievance coordinator for Snake River Correctional Institution, informed plaintiff he had accepted the grievance and forwarded it to the responsible person on June 19, 2015.[1] ODOC medical staff responded on July 15, 2015. The grievance coordinator received plaintiff's first appeal on August 13, 2015. It was accepted and forwarded to medical staff on August 28, 2015. ODOC Medical Director Steven Shelton responded on September 24, 2015, and it was received by the

---

[1] Plaintiff almost simultaneously submitted a second grievance complaining of his medical care and treatment, as reflected in his first claim for relief. Taylor returned the grievance (SRCI.2015.06.057) for filing more than one grievance on a single incident.

Page 4 - OPINION AND ORDER

grievance coordinator's office on October 7, 2015. Plaintiff filed his second appeal on October 8, 2015. Taylor accepted the second appeal on October 21, 2015 and informed plaintiff he would receive a response within 30 days.

Plaintiff filed this lawsuit on October 9, 2015,[2] before defendants could complete a response to his second appeal on matters covered by plaintiff's first claim. OAR 291-109-0140(3) provides that an "inmate cannot grieve the following: . . . (h) Claims or issues the inmate has pursued or is pursuing in pending litigation in state or federal courts[.]" The rules further provide that "[i]f at any time the grievance coordinator determines the inmate has pursued his/her issue through state or federal courts, or has filed a notice of tort claim, the grievance process will cease and the grievance will be returned to the inmate." OAR 291-109-0160(4). After Taylor learned of plaintiff's lawsuit, he closed the grievance and returned plaintiff's second appeal to him on December 11, 2015.

Plaintiff filed a grievance on the matters referenced in his second claim on May 22, 2015. ODOC medical staff responded on June 10, 2015. Plaintiff filed his first appeal on July 8, 2015, to which Shelton responded on July 23, 2015. Plaintiff filed his second appeal on August 13, 2015. Taylor returned it to plaintiff on or about August 30, 2015 to make corrections. Plaintiff resubmitted his second appeal on September 10, 2015. Taylor accepted the appeal on September

---

[2] Although the filing date on the court's docket is October 13, 2015, the "mailbox" rule applies. *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) (citing *Houston v. Lack*, 487 U.S. 266, 276 (1988)). Under this rule, a pro se section 1983 complaint is deemed filed the moment the prisoner delivers it to prison authorities for mailing. The date on plaintiff's certificate of service attached to his complaint reflects that he delivered the complaint to be mailed on October 9, 2015 and so it is deemed filed on that date.

24, 2015. Again, Taylor learned plaintiff had filed a lawsuit on matters alleged in the second appeal, so Taylor closed the grievance on December 11, 2015.

In sum, ODOC denied both of plaintiff's second-level appeals because plaintiff filed this lawsuit. As a result, according to defendants, plaintiff failed to exhaust his administrative remedies. I agree. Refusing to await the conclusion of the administrative process does not satisfy the PLRA exhaustion requirement, and does not demonstrate the unavailability of administrative relief. *Cf. Williams v. Paramo*, 775 F.3d 1182, 1192 (9th Cir. 2015) (prisoner demonstrated official action "prevented her from filing a particular grievance").

Plaintiff makes a number of arguments in opposition to defendants' motion. He first suggests he sufficiently completed the grievance process because he filed his second level grievance appeals before filing his civil complaint. However, the law is clear that the prisoner must *complete* the administrative process before bringing suit. *See Griffin*, 557 F.3d at 1119; *Woodford*, 548 U.S. at 88 (exhaustion "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).") (emphasis in original). The premise behind the administrative review process is to ensure the agency has an opportunity to correct its mistakes before it is required to defend itself in federal court. *Woodford*, 548 U.S. at 89. Since plaintiff did not wait for responses to his second-level appeals, plaintiff did not allow the agency the opportunity to resolve his claims.

Plaintiff next asserts defendants do not comply with their own deadlines, which should excuse him from awaiting responses to his second-level appeals before filing a lawsuit. The evidence here is to the contrary. With respect to the grievance covering his second claim, ODOC medical staff responded to plaintiff's grievance within 19 days, and Shelton responded to the

first-level appeal within 15 days. With respect to the grievance applicable to his first claim, Taylor completed processing of the grievance in 47 days, only two days later than the 45-day time frame anticipated by the regulations. Shelton responded to the appeal within 30 days from receiving it from Taylor. Plaintiff gives no reason to find any delay on the part of defendants rendered the whole process useless, that he was prejudiced by any delay, or that immediately filing a case in federal court was the appropriate response to any delay.

Plaintiff also argues the final response from ODOC is always futile so he had no reason to wait to file his lawsuit, but he does not allege facts applicable to these particular grievances that would warrant my acceptance of this bald statement.

Plaintiff argues he did not have adequate notice of the rule prohibiting him from grieving an issue on which he had filed a lawsuit. The evidence is to the contrary, however; in the inmate handbook excerpt he submitted to the Court, inmates are instructed that they "cannot grieve" "[c]laims or issues that the inmate is pursuing in pending litigation in state or federal courts." Pl.'s Ex. 39, at 1.

Finally, plaintiff contends defendants did not receive notice of the lawsuit until the Court issued its order approving plaintiff's *in forma pauperis* status on November 16, 2015, suggesting this is somehow relevant to application of the rule stopping the grievance process upon initiation of litigation. However, the rule requires the grievance coordinator to return the grievance and stop the grievance process "at any time" the coordinator learns the prisoner is pursuing litigation in federal or state court. OAR 291-109-1060(4). Here, once defendants learned of the litigation, Taylor closed the grievances and returned them to plaintiff, just as the rule required.

Plaintiff alternatively seeks a stay so that he can cure the deficiency. Plaintiff's second-level appeals were returned to him due to his lawsuit on December 11, 2015. He was permitted to correct the error and resubmit the appeal within 14 days of the date they were sent back to him, but he failed to do so. OAR 291-109-10170(2)(d). Now, his second-level appeals would be untimely and he is precluded from exhausting his administrative remedies. *Woodford*, 548 U.S. at 88 (must "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court").

In sum, since plaintiff failed to exhaust his administrative remedies, this court lacks discretion to consider the merits of his first and second claims and, as a result, I must dismiss with prejudice those claims and the defendants named in those claims (Shelton, White, Gulick, B. Wilson, J. Wilson, and Hughes).

II. Defendant Peters

Defendants request dismissal of Colette Peters, the director of ODOC, because plaintiff does not allege that she personally participated in any of the alleged violations. Plaintiff contends he asked for help directly from Peters and, further, that she is the person who could respond to a court-ordered injunction or declaration.

Regardless of her personal involvement, to the extent plaintiff alleges any claims against Peters, plaintiff implicates Peters only in reference to his first and second claims, which I have dismissed with prejudice. Compl. 3 (Peters is director); 5 (plaintiff sent kyte to Peters referencing issues alleged in first claim); ¶¶ 8, 16 (plaintiff complained to Peters about his medical care). Indeed, all of the documents plaintiff submitted in opposition to summary judgment involving Peters are related to his first and second claims. Ex. 3 (denial of medical

Page 8 - OPINION AND ORDER

care); Ex. 31, 34 (denial of medical care). Peters is dismissed for the same reason as the other named individual defendants.

III. Summary

Plaintiff's third claim for relief against Captain Bellman and Officer Humphreys is the only claim remaining in this lawsuit.

**CONCLUSION**

Based on the foregoing, defendants' Motion for Partial Summary Judgment [12] is granted. Plaintiff's first and second claims are dismissed with prejudice. Defendants Peters, Shelton, Gulick, White, J. Wilson, B. Wilson, and A. Hughes are also dismissed with prejudice.

IT IS SO ORDERED.

DATED this 25th day of February, 2016.

/s/ Garr M. King
Garr M. King
United States District Judge